# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MARIANA BEATRIZ COCA MIR,

     Plaintiff,

v.                            Case No.:

J&J DREAMS CONSULTING GROUP
LLC, HRC REMODELING FL LLC,
and SEHYUN CHO,

     Defendants.

_____/

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL

Plaintiff, Mariana Beatriz Coca Mir, sues Defendants J&J Dreams Consulting Group LLC, HRC Remodeling FL LLC, and Sehyun Cho for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and alleges and says:

### PARTIES

1.    Plaintiff, Mariana Beatriz Coca Mir, is a natural person and resident of Hernando County, Florida, residing at 5049 Cadiz Court, Brooksville, Florida 34604.

2.    Defendant J&J Dreams Consulting Group LLC is a Florida limited liability company with its principal place of business located at 4092 Shrewsbury Place, Land O' Lakes, Florida 34638.

3. Defendant J&J Dreams Consulting Group LLC may be served through its registered agent, Sehyun Cho, at 4092 Shrewsbury Place, Land O' Lakes, Florida 34638.

4. Defendant HRC Remodeling FL LLC is a Florida limited liability company with its principal place of business located at 14502 N. Dale Mabry Highway, Suite 200, Tampa, Florida 33618.

5. Defendant HRC Remodeling FL LLC may be served through its registered agent, Sehyun Cho, at 4092 Shrewsbury Place, Land O' Lakes, Florida 34638.

6. Defendant Sehyun Cho (also known as Joe Cho) is a natural person and resident of Pasco County, Florida, residing at 4092 Shrewsbury Place, Land O' Lakes, Florida 34638.

7. Defendant Sehyun Cho is the owner and officer of both J&J Dreams Consulting Group LLC and HRC Remodeling FL LLC

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.

9. This Court has personal jurisdiction over Defendants pursuant to Florida's Long Arm Statute, Fla. Stat. § 48.193, because Defendants are engaged in

continuous business activities within the State of Florida and maintain a fixed and permanent office in this district.

10.    Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this district, and because Defendants maintain offices and conduct business in this district.

## FACTUAL ALLEGATIONS

11.    On September 18, 2024, Defendant Sehyun Cho hired Plaintiff as an Office Manager for HRC Remodeling.

12.    Although Plaintiff was classified as a 1099 independent contractor, the operational realities of Plaintiff's role constituted a W-2 employment relationship.

13.    Defendant CHO exerted full behavioral and financial control over Plaintiff's work, including establishing a mandatory, set weekly schedule totaling 40 hours per week, inclusive of a daily 1-hour lunch break.

14.    Plaintiff's mandatory schedule was Monday, Tuesday, and Thursday from 9:00 AM to 6:00 PM; Wednesday from 10:00 AM to 7:00 PM; and Friday from 8:00 AM to 5:00 PM.

15. Defendant Cho and HRC Remodeling explicitly stated they do not provide written contracts, employment documentation, or an employee handbook, and all terms were verbally agreed upon.

16. Defendants tracked and recorded only some of Plaintiff's work hours.

17. In January 2025, HRC Remodeling relocated to a new facility.

18. Over Plaintiff's tenure, her role shifted dramatically from clerical marketing support to managing the company's entire operations and administration.

19. Following the resignation of the Operations Manager on August 29, 2025, Plaintiff's workload escalated unsustainably.

20. Of the 421 total days worked between September 18, 2024, and May 29, 2026 (excluding holidays and vacations), Plaintiff operated the office completely alone for 14 days, managed the entire internal operation and administration completely by herself for 347 days, and worked with two additional employees present for only 60 days.

21. Plaintiff's job duties included processing building permits, scheduling inspections, coordinating subcontractors, purchasing, generating Scopes of Work, managing accounts receivable and accounts payable, client relations, and scheduling fixes.

22.    Due to chronic, systemic understaffing and excessive volume of responsibilities, Plaintiff was routinely unable to take her mandated 1-hour lunch breaks.

23.    Because installers were permitted to work weekends, Plaintiff was required to work uncompensated, off-the-clock labor several days a week, including Saturdays, to support field operations.

24.    Plaintiff was routinely placed on the company schedule on Saturdays to process and manage company-provided Spanish-language leads, for which compensation was on a ten percent (10%) commission-only basis.

25.    In February 2026, Defendant Cho unilaterally altered Plaintiff's schedule to Monday through Friday, 8:30 AM to 5:30 PM, while simultaneously expanding her duties to mandated on-site project measurements and job site visits.

26.    In February 2026, Defendant Cho announced the permanent discontinuation of the agreed-upon three-month performance-based raises.

27.    Defendant Cho implemented a new metric requiring the company to achieve $3 million in annual residential sales before any employee could qualify for a raise, effectively invalidating the original compensation agreement.

28.    Plaintiff routinely worked more than 40 hours each workweek (overtime hours) without being paid the required premium pay of time and one half her regular rate of pay for all her such overtime hours.

29.    Plaintiff was expected and required by Defendants to work more than 40 hours in her workweeks, to work additional hours, and handle work activities outside normal business hours.

30.    Defendants did not accurately track and record all of Plaintiff's work hours, and she routinely worked during her lunch breaks and worked off-the-clock on Saturdays.

31.    To complete the work assigned to her by Defendants, Plaintiff routinely had to work more than 8 hours in a day and more than 40 hours in a week.

32.    Defendants knew that Plaintiff was routinely working more than 40 hours in a week and without being paid for all overtime hours.

33.    Defendants never restricted or limited Plaintiff's work hours or disciplined Plaintiff for working extra hours.

34.    On May 19, 2026, Plaintiff presented her formal resignation to Defendant Cho, providing a professional two-week notice to ensure a smooth operational transition through May 29, 2026.

35.    Plaintiff worked through her final day on May 29, 2026.

36.    At all relevant times, Defendants J&J Dreams Consulting Groups LLC and HRC Remodeling FL LLC were, and continue to be, employers engaged

in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37.    Upon information and belief, Defendants have revenues of $500,000.00 or more in the previous three (3) years and employ ten (10) or more employees.

38.    Plaintiff engaged in interstate commerce, working on projects for clients who were non-Florida residents.

39.    Defendants J&J Dreams Consulting Groups LLC, HRC Remodeling FL LLC, and Sehyun Cho acted jointly and were joint employers of Plaintiff within the meaning of 29 U.S.C. § 203(d).

40.    Defendants maintained a common scheme to violate the FLSA by misclassifying Plaintiff as an independent contractor while concurrently misleading Plaintiff through false statements and misinformation about the FLSA, overtime laws, and compliance with the law.

41.    Plaintiff received compensation from Defendants without paying any federal payroll taxes or Medicare taxes and was issued IRS Form 1099.

42.    When Plaintiff applied for work with Defendants, she was not offered any option to work as an employee; the offer was a non-negotiable, take-it-or-leave-it independent contractor agreement or no employment.

43.     Defendants engaged in a common scheme and plan applicable to Plaintiff to avoid paying her overtime wages under the FLSA by forcing Plaintiff to accept classification as an independent contractor.

44.     Defendant Sehyun Cho at all times material, had operational, day-to-day control over the business of both co-defendants, HRC Remodeling and J & J Dreams Consulting. Cho is the highest ranking officer, and upon information and belief is either sole member, majority member, and managing member of the 2 Defendant LLC's.

45.     Furthermore, Cho is the person who directed Plaintiff's work, created and enforced the unlawful pay practices complained of herein.

46.     Thus, Cho is an employer as defined under Section 203 of the FLSA.

**COUNT I**
**WILLFUL MISCLASSIFICATION AS AN INDEPENDENT CONTRACTOR IN VIOLATION OF 29 U.S.C. § 207(a)**

47.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully stated herein.

48.     At all relevant times, Defendants were employers of Plaintiff within the meaning of 29 U.S.C. § 203(d) and were subject to the FLSA's requirements as covered employers.

49.     Defendants willfully misclassified Plaintiff as an independent contractor rather than an employee in order to avoid their obligations to pay overtime compensation under the FLSA.

50.     The economic reality of the relationship between Plaintiff and Defendants demonstrates that Plaintiff was an employee, not an independent contractor, under the FLSA.

51.     Defendants exerted significant control over the work performed by Plaintiff, including establishing mandatory work schedules, dictating work location, assigning specific tasks and responsibilities, and supervising Plaintiff's work.

52.     Plaintiff was required to work at Defendants' office located at 14502 N. Dale Mabry Highway, Suite 200, Tampa, Florida 33618, and later at 20525 Amberfield Drive, Unit 103, Land O' Lakes, Florida 34638.

53.     Plaintiff was not allowed to subcontract or hire other persons to perform work assigned by Defendants.

54.     Plaintiff had no opportunity for profit or loss because her work was entirely dependent upon the jobs and compensation provided by Defendants.

55.     Plaintiff had no control over how much she was paid or the terms of her compensation.

56.   Plaintiff's relationship with Defendants was permanent and exclusive, as she worked continuously and solely for Defendants from September 18, 2024, through May 29, 2026.

57.   Plaintiff was an integral part of Defendants' business, managing the entire internal operation and administration of HRC Remodeling.

58.   Defendants willfully misclassified Plaintiff as an independent contractor to evade paying overtime wages, payroll taxes, and other employment-related obligations.

59.   Defendants' misclassification of Plaintiff as an independent contractor violated 29 U.S.C. § 207(a) because it was a willful scheme to avoid paying Plaintiff overtime compensation for hours worked in excess of 40 in each workweek and at the required overtime rate of time and one half her regular rate of pay.

<u>COUNT II</u>
**WILLFUL FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. § 207(a)**

60.   Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully stated herein.

60.   Section 207(a) of the FLSA, 29 U.S.C. § 207(a), requires employers to pay employees overtime compensation at a rate of not less than one and one-half

times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

61.    Plaintiff was a non-exempt employee within the meaning of the FLSA and was entitled to overtime compensation for all hours worked in excess of 40 hours per workweek.

62.    Plaintiff was compensated on an hourly basis, not a salary basis.

63.    Plaintiff routinely worked more than 40 hours each workweek throughout her employment with Defendants from September 18, 2024, through May 29, 2026.

64.    Plaintiff suffered to work uncompensated off-the-clock labor several days a week, including Saturdays, to support field operations.

65.    Defendants expected Plaintiff to routinely work hours without compensating her.

66.    Plaintiff was routinely unable to take her mandated 1-hour lunch breaks due to her workload and was required to work through meal breaks, but Defendants never provided Plaintiff with any means to report and claim this time.

67.    Thus, frequently Plaintiff never received a bona fide meal break as defined under the FLSA.

68.    Defendants did not accurately track and record Plaintiff's work hours during lunch breaks and off-the-clock Saturday labor.

69.    Defendants knowingly and willfully failed to pay Plaintiff overtime compensation at the appropriate legal rate for all hours of work she performed on behalf of Defendants above and beyond forty (40) hours per workweek in violation of 29 U.S.C. § 207(a).

70.    Defendants knew that Plaintiff was routinely working more than 40 hours in a week and expected the same from her.

71.    Defendants permitted Plaintiff to work as many hours as she needed to complete her job duties and knew that she was routinely working more than 40 hours each week.

72.    Defendants never restricted or limited Plaintiff's work hours or disciplined Plaintiff for working extra hours.

73.    Defendants represented to Plaintiff that she was not eligible for overtime pay because she was classified as a 1099 independent contractor.

74.    Defendants knew or should have known that classifying Plaintiff as an independent contractor and refusing to pay her overtime compensation at the lawful overtime rates, including at time and one half her regular rate of pay for hours worked over 40 in each and every workweek, violated the FLSA.

75.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

76.    Defendants knowingly and willfully engaged in a scheme to avoid paying overtime wages and cannot and do not have both a subjective and objective good faith basis under the FLSA for refusing to pay Plaintiff overtime premiums for the hours worked over 40 in each and every workweek.

77.    Plaintiff is entitled to recover from Defendants the unpaid overtime compensation due and owing for all hours worked in excess of forty (40) in each and every workweek during the three-year period preceding the filing of this action through the present, an additional equal amount as liquidated damages, reasonable attorneys' fees, costs, and expenses of this action, pursuant to 29 U.S.C. § 216(b).

78.    Plaintiff has suffered financial harm and loss of monies owed to her as a direct and proximate result of Defendants' unlawful pay practices.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Mariana Beatriz Coca Mir respectfully requests that this Court enter judgment in her favor and against Defendants J&J Dreams Consulting Group LLC, HRC Remodeling FL LLC, and Sehyun Cho, jointly and severally, and grant the following relief:

a)    A declaratory judgment that Defendants J&J Dreams Consulting Group LLC, HRC Remodeling FL LLC, and Sehyun Cho are all employers within the meaning of 29 U.S.C. § 203(d) and are jointly and severally liable for their willful violations of the FLSA;

b) A declaratory judgment that Plaintiff was an employee, not an independent contractor, under the FLSA during her employment from September 18, 2024, through May 29, 2026;

c) An award of unpaid overtime compensation for all hours Plaintiff worked in excess of forty (40) hours in each and every workweek during the three-year period preceding the filing of this action through the date of judgment, calculated at one and one-half times Plaintiff's regular rate of pay, pursuant to 29 U.S.C. § 207(a);

d) An award of liquidated damages in an amount equal to the unpaid overtime compensation awarded pursuant to 29 U.S.C. § 216(b);

e) An award of reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b);

f) Pre-judgment and post-judgment interest as provided by law; and

g) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Respectfully submitted this 31st day of July 2026 by,

/s/ Mitchell L. Feldman, Esq.
Mitchell L. Feldman, Esq.
Florida Bar No.: 0080349
Feldman Legal Group
12610 Race Track Road, Ste. 225
Tampa, FL 33626
Telephone: (813) 639-9366
Fax: (813) 639-9376
mfeldman@flandgatrialattorneys.com
Lead Attorney for Plaintiff